

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOSEPH GUTMANN**
*Assistant Corporation Counsel*
Phone: (212)-356-2659
Fax: (212) 356-3509
jgutmann@law.nyc.gov

August 13, 2018

**BY ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>Shawn Nardoni v. City of New York, et al</u>, 17-CV-2695 (GHW)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants in the above referenced action. Defendants write to respectfully request that the Court schedule a pre-motion conference in order to discuss defendants' anticipated motion for sanctions pursuant to Fed. R. Civ. P. 11, 42 U.S.C. §1988(b), and the Court's inherent power.

    By way of background, plaintiff brought claims in his Second Amended Complaint as against defendants Detective Terrell and Detective MacLennan for false arrest and malicious prosecution under 42 U.S.C. § 1983 for an arrest that purportedly took place on September 4th or September 5th of 2015, and as against defendant City of New York for municipal liability under 42 U.S.C. § 1983. Specifically, plaintiff alleged that Detective Terrrell initiated, arranged, and/or caused the arrest of plaintiff on false pretenses. (Pl.'s Second Am. Compl. at ¶ 21). Plaintiff alleged that over the course of this arrest he was pedigreed and booked. (<u>Id</u>. at ¶ 23). Plaintiff alleged that Detective Terrell completed arrest paperwork in which he swore that plaintiff had committed a crime or offense. (<u>Id</u>. at ¶ 29). Plaintiff alleged that Detective Terrell forwarded false allegations to the Bronx County District Attorney's Office and that as a result he was criminally arraigned and charged. (<u>Id</u>. at ¶ 31-32). Plaintiff alleged that following his arrest he was brought before a judge and charged with disorderly conduct. (<u>Id</u>. at ¶ 23). Plaintiff alleged that he had to go to Court for two months before his case could be dismissed. (<u>Id</u>. at ¶ 27).

    In a 42 U.S.C. § 1983 action, the court has discretion to award the prevailing parties reasonable costs and attorneys' fees. <u>See</u> 42 U.S.C. § 1988(b) ("the court, in its discretion,

may allow the prevailing party . . . a reasonable attorneys' fee as part of the costs."). "When the prevailing party is the defendant, that language has been construed to require the defendant to show that the action was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Davidson v. Keenan, 740 F.2d 129, 132-133 (2d Cir. 1984) (internal citations and quotation marks omitted). The proper test for a fee award against plaintiff under 42 U.S.C. § 1988(b) is not whether plaintiff acted in subjective bad faith (although plaintiff's subjective bad faith might provide an even stronger basis for awarding attorneys' fees) but whether the claim itself is objectively meritless. Id. at 134. From the outset of the litigation, defense counsel made plaintiff's counsel aware that plaintiff had not been arrested on September 4th or September 5th of 2015, nor on any date in the immediate vicinity of those dates. Defense counsel provided plaintiff's counsel with a list of plaintiff's arrests which did not contain any arrest on September 4th or September 5th of 2015, nor on any date in the immediate vicinity of those dates. Nevertheless, plaintiff refused to withdraw or amend his claims regarding his alleged arrest and alleged subsequent criminal case.

On May 17, 2018, defendants served plaintiff's counsel with a letter pursuant to Fed. R. Civ. P. 11, demanding that plaintiff's counsel withdraw all the claims in the Second Amended Complaint on the grounds that plaintiff was not arrested as alleged, that the alleged subsequent criminal case did not exist, and that plaintiff had adduced no evidence that Detective Terrell had any involvement in plaintiff's purported arrest. Defendants further served plaintiff with a formal notice of motion pursuant to Rule 11(c). See Star Mark Mgt. v. Koon Chun Hing Kee Soy and Sauce Factory. Ltd., 682 F.3d 170, 176 (2d Cir. 2012) (serving notice of Rule 11 motion setting forth the basis for the Rule 11 motion satisfies the Rule's Safe Harbor provision). Plaintiff's counsel did not respond to this letter and notice of motion. On June 6, 2018, defendants moved for summary judgment. (Docket No. 84). On July 4, 2018, plaintiff filed his opposition to defendants' motion. (Docket No. 89-90). In his statement of contested facts pursuant to F.R.C.P. 56.1, plaintiff admitted for the first time that he was not arrested in September, October, or November of 2015. (Docket No. 90 at ¶ 14). Plaintiff further admitted for the first time that Detective Terrell did not arrest him as alleged nor did Detective Terrell order, instruct, plan or facilitate any arrest of plaintiff. (Id. at ¶¶ 9-10). On August 7, 2018, the Court granted defendants' motion for summary judgment in its entirety. (Docket No. 95).

A pleading violates Rule 11 where "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law..." See Jacques v. Dimarzio, 2016 F. Supp. 2d 139, 143 (E.D.N.Y. 2002); FED. R. CIV. P. 11(b) (submitting papers to the court certified that, after reasonable inquiry, claims are warranted by existing law or non-frivolous argument for extension and allegations have evidentiary support); see, e.g., Mover's & Warehouseman's Ass'n of Greater New York, 98 CV 5373 (SJ), 1999 U.S. Dist. LEXIS 20667 at *24-25 (E.D.N.Y. Dec. 27, 1999) (when it is objectively obvious that plaintiff's counsel engaged in little or no preliminary factual and legal investigation before filing a pleading, sanctions are warranted). Sanctions are appropriate "if it is clear there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands." Gambello v. Time Warner Communs., Inc., 186 F. Supp. 2d 209, 229 (E.D.N.Y. 2002); Eastway Construction Corp., v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985). In this matter, a reasonable inquiry at the outset of this litigation would have revealed that plaintiff's allegations regarding him being arrested, processed, and criminally charged were legally and factually flawed.

"Litigation is not a sport; litigation is not a lottery. The City of New York should not be required to expend the time of its Corporation Counsel and the resources of its taxpayers defending against claims predicated on patently unbelievable testimony." Jimenez v. City of New York, 14-CV-2994 (SAS), 2015 U.S. Dist. LEXIS 128604, at *21-22 (S.D.N.Y. Sep. 24, 2015).  When this case reached the summary judgment stage, plaintiff's counsel was well aware of the fact that his client's allegations regarding him being arrested, processed, or criminally charged were false, as evidenced by plaintiff's counsel's admissions in his statement of contested facts pursuant to F.R.C.P. 56.1.  Nevertheless, plaintiff's counsel did not respond to defendants' May 17, 2018 safe harbor letter nor did plaintiff withdraw or amend his claims as against the City or defendant Detective Terrell.  As such, defendants are entitled to their reasonable fees incurred in unnecessary litigation.

In addition to the above, defendants intend to renew their motion made at the May 24, 2018 conference in this matter for plaintiff to compensate defendants for the fees accrued by defendants' counsel as a result of plaintiff's counsel's failure to attend the May 16, 2018 conference scheduled in this matter.  At the May 24, 2018 conference, the Court reserved judgment as to this motion.  With the permission of the Court, defendants intend reiterate the arguments made at the May 24, 2018 conference in support of this motion.

For the foregoing reasons, defendants respectfully seek sanctions against plaintiff's counsel pursuant to: (1) Rule 11 of the Federal Rules of Civil Procedure; and (2) the inherent power of this Court.  Furthermore, because the Court has granted defendants' motion for summary judgment, defendants respectfully request that the Court grant them attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

Respectfully submitted,

/s/
Joseph Gutmann
Assistant Corporation Counsel
Special Federal Litigation Division

cc:     BY ECF
        Chukwuemeka Nwokoro, Esq.
        Nwokoro & Scola, Esquires
        *Attorney for Plaintiff*